Charles T. Major, J.
While a prisoner at Clinton Prison, Dannemora, New York, claimant sustained injuries to his left thumb requiring amputation, for which he claims damages, alleging that the accident was caused by the negligence of the State.
*675 About 8:25 a.m. on October 4, 1951 claimant was working with other prisoners at the ash dock, where ashes are stored for a day, and each morning are removed by a dump car or cart. The institution has several of these carts. Claimant does not know which cart he worked at the time of the accident, but the carts are substantially similar in general construction and working principle. The car consists of a steel frame, four feet to five feet high, which rides on four wheels. On top of this frame and partially extending below the top of the ends thereof, is a triangular shaped steel receptacle, called a tub. It resembles a small hopper car, except that the tub tips to whichever side the operator desires for emptying purposes, instead of emptying through the bottom. Permanently affixed to each end of the tub is a rocker upon which it. rides and, when the tub is released, rolls on the frame, to permit its dumping. On each end of the rockers are large lugs which strike the top of the frame, thereby acting as a stop after the tub has tipped over sufficiently to permit its cargo to fall out. When claimant, standing on the track at the end of the car, released the hook with his right hand to permit the tub to tip to the left, he had his left hand on the left end of the frame with his thumb extending in on the frame, so that when the tub tipped, the lug on the tub came down and crushed his thumb, necessitating amputation from the middle of the first phalanx. At his own request, claimant was assigned to this work crew early in the spring of 1951.
At the time of the accident, two other inmates, Sidney Crawford and Bobert Williams, were working with claimant. Edward Gardeplii was the officer in charge. The track had a slight incline of 3 feet for the 120 feet (21/2% grade) distance from the ash building to the platform. This platform where the carts were stopped and dumped was 50 feet long and level. Claimant had worked on these carts for about six months. When he was assigned to this work, he was given instructions in their proper operation. He was told, when dumping the tub, to make sure his hands "were not under the rocker, to have the safety hook in place on the outside edge of the car when dumping, to stand on the side thereof opposite the direction in which the tub was to tip, to place one foot on metal strip on bottom of car, and push the tub over. The loaded car required two men to push it out to the platform and 400 pounds’ pressure to overbalance the tub for dumping purposes.
It was the duty of the State to provide a reasonably safe place for claimant to work. The court finds that the State did *676 not violate this duty and was not negligent. The proximate cause of this accident was the negligence of claimant.
The claim is dismissed.
The foregoing constitutes the written and signed decision of this court upon which judgment may be entered. (Civ. Prac. Act, § 440.)
Let judgment be entered accordingly.